WOLF, J.,
Concurring.
I concur that no reversible error occurred in this case. I write to express my concern with the manner by which the appellant was provided his Miranda warnings. On the videotaped custodial interrogation, the police officer read the Miranda warnings in a rapid fire manner. This is problematic. The purpose of the Miranda warnings is to provide a procedural safeguard effective to secure and inform an accused person of the privilege against self-incrimination in a meaningful manner and to protect against overzealous interrogation. “The requirement of warnings and waiver of rights is a[sic] fundamental with respect to the Fifth Amendment privilege and not simply a preliminary ritual to existing methods of interrogation.” Miranda v. Arizona, 384 U.S. 436, 476, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Effective warnings are not simply a “preliminary ritual” rattled off at the beginning of questioning. It is necessary that the warnings be communicated at a normal cadence.
“Those who framed our Constitution and the Bill of Rights were ever aware of subtle encroachments on individual liberty. They knew that ‘illegitimate and unconstitutional practices get their first footing ... by silent approaches and slight deviations from legal modes of procedure.’ ” Miranda, 384 U.S. at 459 (quoting Boyd v. United States, 116 U.S. 616, 635, 6 S.Ct. 524, 29 L.Ed. 746 (1886)). No matter what this officer or any other person feels about the necessity of providing the Miranda warnings to a suspect likely to already be familiar with his or her rights, it is the law of the land. A trick, such as speeding through the warnings, is just the “slight deviation” that should not be used to circumvent the law or encroach on a suspect’s rights.
Were it not for other competent, substantial evidence upon which the trial court could rely demonstrating that appellant understood and waived his rights, I would vote to reverse.